UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Civil Action No. 07-cv-135–HRW

JENNIFER YOUNG for W.Y.,                  PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's mother, Jennifer Young, filed the current application for supplemental security income benefits on behalf of her child, W.Y., on June 13, 2005, alleging disability beginning on June 8, 2005, due to attention deficit hyperactivity disorder ("ADHD"). (Tr. 60-65).

Plaintiff's application was denied initially and on reconsideration.

On December 15, 2006, an administrative hearing was conducted by Administrative Law Judge John R. Barker (hereinafter "ALJ"), wherein Jennifer Young, accompanied by counsel, testified (Tr. 241-245).

The issue in this matter is whether claimant is eligible, pursuant to Section 1614(a)(3) of the Social Security Act to receive supplemental social security payments as a disable individual who has not yet attained age 18.

An individual under the age of eighteen shall be considered disabled if that individual has a medically determinable physical or mental impairment which results in marked and severe limitations and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of no fewer than 12 months. 42 U.S.C. §1382c(a)(3)(C)(i).

At the hearing, pursuant to 20 CFR 416.924, ALJ followed the three-step sequential evaluation process for determining disability in children for the purpose of social security income. First, if the claimant is performing substantial gainful work, he is not disabled. Second, if the claimant is not performing substantial gainful work, his impairment(s) must be severe. If the claimant's impairment is a slight abnormality, or a combination of slight abnormalities, that cause no more than minimal functional limitations, the claimant will be found not to have a

severe impairment and thus, will not e found to be disabled. 20 C.F.R. § 416.924 ( c). Third, if the claimant is not performing substantial gainful work and has a severe impairment (or impairments) and his impairment (or impairments) meets, medically equals or functionally equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled. Evaluation of whether a child meets or medically equals a listing uses the same analysis for all claimants. 20 C.F.R. §§ 416.925, 416.926. However, whether a child functionally equals a listing involves evaluation of six broad domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for oneself; and (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has a "marked" limitation in two domains or an "extreme" limitation in one domain, the child's functional impairment (or impairments) is functionally equivalent to a listed impairment. 20 C.F.R. § 416.926a(d).

On December 26, 2006, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was in the fifth grade at the time of the hearing decision.

At the first step of the sequential analysis, the ALJ found that Plaintiff is not engaged in substantial gainful activity since the alleged onset date (Tr. 19).

3

The ALJ then determined, at the next step, that Plaintiff had an impairment(s) which he determined to be "severe" within the meaning of the Regulations (Tr. 19).

Finally, the ALJ found that Plaintiff's impairment(s) did not meet or medically equal any of the listed impairments (Tr. 19).

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on March 19, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 10] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

4

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only contention on appeal is that the ALJ erred in not giving more weight to the opinion of consultative examiner Reba Moore, M.A. Moore assessed Plaintiff on September 22, 2006 and found that Plaintiff had marked limitations in two domains of functioning - attending to and completing tasks and interacting and relating with others (Tr. 226-237). Had the ALJ deferred to Moore's opinion, he would have made a finding of disability.

However, Moore's own report does not support her conclusion of marked limitation in attention and interacting. Moore based her opinion on her own observations and scores from a Conner's scale (Tr. 235). Yet, the only observations in behavior she noted were Plaintiff's "fidgety" movements, putting

5

her legs in her chair and her feet on a desk and arguing with her mother (Tr. 232). Moore specifically noted that Plaintiff's ability to sustain attention and concentration was in the average range (Tr. 228).

As for the Connor's scale score, it is based upon a questionnaire completed by Plaintiff's mother (Tr. 231). Thus, it is based on the mother's perceptions, not objective data or other evidence such as teachers' reports.

Moreover, Moore's opinion is not consistent with the other objective evidence of record. The record contains evaluations and assessments from treating sources, Plaintiff's teachers and consultative examiners, none of whom support Moore's finding of marked limitation. The Regulations provide, "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [the ALJ] will give to that opinion." 20 C.F.R. § 416.927(d)(2).

The Court finds no error in the ALJ's consideration of Reba Moore's opinion.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant

will be entered contemporaneously herewith.

This __4__ day of January, 2008.

                                            HENRY R. WILHOIT, JR.
                                            SENIOR U.S. DISTRICT JUDGE